Affirmed and Majority and Concurring Opinions filed May 30, 2006









Affirmed and Majority and Concurring Opinions filed May 30, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01096-CR

NO.
14-04-01097-CR

____________

 

ENRIQUE ESPINOSA,
JR.,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 56th
District Court

Galveston County, Texas

Trial Court Cause Nos. 03CR0322
& 03CR0323

 



 

C O N C U R R I N G   O P I N I O N

I write separately to note my disagreement
with the majority=s conclusion that appellant somehow waived
his first issue by failing to object during voir dire.  However, I agree with the majority=s conclusion that
appellant was not harmed by the prosecutor=s questions
regarding the comparison in punishment ranges between capital murder and
attempted capital murder, and I join the majority=s opinion as to
appellant=s second and third issues.








The majority analyzes appellant=s first issue as
one regarding improper jury argument and concludes appellant waived this issue
by failing to object to similar statements made during voir dire, citing Cruz
v. State, 877 S.W.2d 863, 868 (Tex. App.CBeaumont 1994,
pet. ref=d).  I disagree with this analysis for two
reasons.  First, this issue challenges an
evidentiary ruling and should be analyzed accordingly.  Though appellant objected to these questions
as being argumentative, that does not transform the issue into one of improper
jury argument.[1]  Thus, even if the failure to object during
voir dire could in fact waive an objection to improper jury argument, there is
no authority holding that it would also waive an evidentiary objection.  Second, neither party has argued whether the
voir dire statements were in fact improper, nor has the majority addressed this
issue.  The standards governing voir dire
differ from those for evidentiary rulings or closing arguments, and what is
proper in voir dire may be improper in other contexts.  Thus, the majority errs in penalizing
appellant for failing to object during voir dire when appellant is not raising
an issue about improper voir dire and without first establishing that there was
any reason to object.

For these reasons, I respectfully concur.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Majority and Concurring Opinions filed May 30, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson (Anderson, J.,
majority).

Publish C Tex. R. App. P. 47.2(b).











[1]  In fact, the prosecutor never even
mentioned the comparison of punishments in closing argument.